UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- X
LOTES CO., LTD.,

                              Plaintiff,

v.

HON HAI PRECISION INDUSTRY CO., LTD. *et al.*,

                              Defendants.
----------------------------------------------------------------------- X

Case No. 12-CV-7465 (SAS)

**STIPULATION AND
[PROPOSED] ORDER**

       IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Lotes Co., Ltd., on the one hand ("Plaintiff"), and Defendants Hon Hai Precision Industry Co., Ltd., Foxconn International Holdings Ltd., Foxconn International, Inc., and Foxconn Electronics, Inc. (each a "Defendant" and collectively, "Defendants"), through their undersigned counsel, that the documents listed below and attached hereto are to be incorporated as part of the record in this case:

       1.        Email dated May 2, 2013 from "Jim_Reily@nysd.uscourts.gov" to "GIKKASLAW.COM" and "bherman@morganlewis.com;"

       2.        Letter dated May 2, 2013 from Brian Herman to Judge Scheindlin; and

       3.        Email dated May 13, 2013, from "Snider, David A." to "GIKKASLAW.COM" and "lewis@colvinhudnell.com," and copy to "Lang, Thomas J." and "Herman, Brian A.," which contains an email from "Jim_Reily@nysd.uscourts.gov" sent to "Herman, Brian A." and "Snider, David A." on May 13, 2013.

DB1/ 75411978.1

Dated: New York, New York
August 16, 2013

MORGAN, LEWIS & BOCKIUS LLP

By: _____
Brian A. Herman
101 Park Avenue
New York, NY 10178
(212) 309-6909

Thomas J. Lang
1111 Pennsylvania Avenue, NW
Washington DC 20004
(202) 739-5609

*Attorneys for Defendants Hon Hai Precision Industry Co., Ltd., Foxconn International Holdings Ltd., Foxconn International, Inc., and Foxconn Electronics, Inc.*

GIKKAS LAW FIRM

By: _____
Nicolas S. Gikkas
530 Lytton Avenue
2nd Floor
Palo Alto, CA 94301
(650) 617-3419

COLVIN HUDNELL LLP
Lewis E. Hudnell, III
375 Park Avenue
Suite 2607
New York, NY 10152
(347) 855-4772

*Attorneys for Plaintiff Lotes Co., Ltd.*

The foregoing Stipulation is hereby SO ORDERED this _19_ day of ____Aug____, 2013.

_____
Honorable Shira A. Scheindlin
United States District Judge

**GIKKASLAW.COM**

| | |
|---|---|
| **From:** | Jim_Reily@nysd.uscourts.gov |
| **Sent:** | Thursday, May 02, 2013 9:38 AM |
| **To:** | GIKKASLAW.COM; bherman@morganlewis.com |
| **Subject:** | Lotes v. Hon Hai Precision - 12 Civ. 7465 (SAS) |

Counsel:

Please be advised that the conference scheduled for May 8, 2013, has been adjourned to May 14, 2013, at 4:30 p.m. Please notify all co-counsel and mark your calendars accordingly. This conference will also serve as a pre-motion conference. Thank you.

# Jim Reily

Deputy/Law Clerk to the
Hon. Shira A. Scheindlin
(212) 805-0120/ (212) 805-7920 (fax)
Jim_Reily@nysd.uscourts.gov

Morgan, Lewis & Bockius LLP
101 Park Avenue
New York, NY 10178-0060
Tel: 212.309.6000
Fax: 212.309.6001
www.morganlewis.com



**Morgan Lewis**
COUNSELORS AT LAW

**Brian A. Herman**
Partner
212.309.6909
bherman@morganlewis.com

May 2, 2013

**BY HAND DELIVERY**

The Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Lotes Co., Ltd. v. Hon Hai Precision Industry Co., Ltd., et al.*, No. 12-CV-7465 (SAS)

Dear Judge Scheindlin:

This firm represents Defendants Hon Hai Precision Industry Co., Ltd. ("Hon Hai"), Foxconn International Holdings Ltd. ("FIH"), Foxconn International, Inc. ("Foxconn International"), and Foxconn Electronics, Inc. ("Foxconn Electronics") (collectively, "Defendants") in the above-referenced matter. We write in response to Plaintiff's letter to the Court, dated April 29, 2013, in which Plaintiff requests time at the upcoming Rule 16(b) Scheduling Conference (now May 14) for a pre-motion conference for leave to file a Second Amended Complaint ("SAC"). For the reasons addressed below, Defendants respectfully oppose any request by Plaintiff to file an amended pleading.

By way of background, the initial complaint in this action was filed on October 4, 2012. Shortly thereafter, the then-served Defendants, Hon Hai, Foxconn International, and Foxconn Electronics, requested a pre-motion conference in connection with a proposed motion to strike certain sentences from the initial complaint and (after exchanging pre-motion letters with Plaintiff) moved to dismiss the initial complaint.[1]

On December 4, 2012, the Court held a pre-motion conference on Defendants' motion to strike, and also addressed the pending motion to dismiss. The Court largely granted the motion to strike and additionally offered Plaintiff an opportunity to amend its initial complaint in light of the

---

[1] Defendant FIH was served with the initial complaint on or about February 14, 2013, pursuant to the Hague Convention. FIH moved to dismiss on April 15, 2013 (Dkt. No. 40) and filed a Memorandum of Law (Dkt. No. 41) adopting the points and authorities raised in the previously filed and pending motion to dismiss.

Almaty   Beijing   Boston   Brussels   Chicago   Dallas   Frankfurt   Harrisburg   Houston   Irvine   London   Los Angeles   Miami
Moscow   New York   Palo Alto   Paris   Philadelphia   Pittsburgh   Princeton   San Francisco   Tokyo   Washington   Wilmington

**Morgan Lewis**
COUNSELORS AT LAW

The Honorable Shira A. Scheindlin
May 2, 2013
Page 2

arguments advanced by Defendants in their pre-motion letter and the brief accompanying their motion to dismiss (Dkt. No. 22). The Court made clear that it was offering Plaintiff one chance to amend. In particular, the Court stated:

> **[M]y practice is to get people to amend up front**, rather than have me go through the whole effort of a full briefing schedule, write a whole opinion that ends with 'and you can now fix everything and amend.' The whole point of this letter exchange is, show you the deficiencies now if you agree there are any, fix them if you can, and then have **one round** of motion practice directed to the best possible pleading. So if you think you've seen the light, so to speak, and you can amend and want to amend, I'm going to allow them to amend and tell you to withdraw the motion [to dismiss] and refile it with the best complaint. **But then I won't grant leave to amend. . . . [Y]ou now have the brief, in addition to the letters.** You got the extra benefit. **Either you think there's something you ought to amend or you don't.** . . . I'm telling you now that, with the benefit of the letter and the brief, if you want to amend, **I will let you amend, and tell them to move against the best possible complaint . . . and my decision will not end with Leave to amend is granted.** It will be one way or the other, up or down.

12/4/12 Conf. Tr. at 4-6. (emphasis added).

Plaintiff accepted the Court's invitation and two weeks later filed its First Amended Complaint ("FAC") on December 21, 2012. Defendants moved to dismiss the entire FAC and that motion is now fully briefed and awaiting decision by the Court. (Dkt. Nos. 29, 33 and 35).

On April 30, Plaintiff's counsel provided Defendants' counsel with a copy of Plaintiff's proposed SAC. As Plaintiff's counsel represented to the Court in its April 29 letter, the proposed SAC would add three new party plaintiffs to the pleadings, all of which the proposed SAC alleges are wholly-owned subsidiaries of Plaintiff. Not mentioned in Plaintiff's counsel's letter, however, is the fact that the proposed SAC would also add an entirely new diversity jurisdiction allegation based on the addition of one of the new parties.

Plaintiff had seen Defendants' brief in support of their motion to dismiss at the time Plaintiff elected to amend its original complaint in December, 2012 and was therefore well aware when it filed the FAC that Defendants had moved to dismiss all of Plaintiff's federal question claims in the initial complaint. As the Court noted, Plaintiff had the "extra benefit" of reviewing Defendants' 25-page motion to dismiss prior to amending. Plaintiff's April 29 letter to the Court provides no explanation why the newly proposed amendments were not included in the FAC



**Morgan Lewis**
COUNSELORS AT LAW

The Honorable Shira A. Scheindlin
May 2, 2013
Page 3

Plaintiff filed last December, or why Plaintiff waited until after the motion to dismiss was fully briefed to propose them. Had these changes been made in the FAC, Defendants would have addressed them in their now fully-briefed motion to dismiss. Allowing Plaintiff a second round of amendments now – while the motion to dismiss is pending – is unwarranted and contrary to the Court's clear directive from the bench on December 4, 2012.

Furthermore, the proposed SAC's endeavor to add Plaintiff's wholly-owned subsidiary LT Connect, Inc., an Oregon corporation, appears to be a naked attempt by Plaintiff to impermissibly manufacture diversity jurisdiction in an effort to keep its complaint in federal court should its antitrust claims be dismissed. As the Supreme Court has stated, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be *real* and *substantial* parties to the controversy. Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980) (internal citations omitted) (emphasis added).

The proposed SAC does not contain a single specific allegation by LT Connect concerning any defendant. It does not allege that LT Connect manufactures the product at issue (USB 3.0 connectors), or that LT Connect was harmed by any action, conduct or representation made by Defendants. Accordingly, LT Connect has no real interest in this litigation and the Court should not permit an amendment that seeks to have it joined solely to expand the Court's jurisdiction. *See generally Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 862-63 (2d Cir. 1995) (a parent company cannot attempt to create federal diversity jurisdiction by assigning its claim to a subsidiary).

For these reasons, Defendants oppose the amendment.

Respectfully submitted,

Brian A. Herman

Note: A copy of this letter has been delivered by hand to Mr. Hudnell and, due to his location, by Express Mail and Email to Mr. Gikkas, at the following addresses:

Nicolas S. Gikkas, Esq.
Gikkas Law Firm
P.O. Box 2247
Saratoga, CA 95070-0247
nsg@gikkaslaw.com

Lewis E. Hudnell, III, Esq.
Colvin Hudnell LLP
375 Park Avenue, Suite 2607
New York, NY 10152
lewis@colvinhudnell.com

## GIKKASLAW.COM

**From:** Snider, David A. <dsnider@morganlewis.com>
**Sent:** Monday, May 13, 2013 8:27 AM
**To:** GIKKASLAW.COM; lewis@colvinhudnell.com
**Cc:** Lang, Thomas J.; Herman, Brian A.
**Subject:** FW: Lotes Co., Ltd. v. Hon Hai Precision Indus. - 12 Civ. 7465 (SAS) - Motion to Dismiss

Nick/Lewis,

Please see the below message from the Court.

**David A. Snider**
Morgan, Lewis & Bockius LLP
101 Park Avenue | New York, NY 10178-0060
Direct: 212.309.6223 | Main: 212.309.6000 | Fax: 212.309.6001
dsnider@morganlewis.com | www.morganlewis.com
Assistant: Mildred E. Jones | 212.309.7165 | mjones@morganlewis.com

**From:** Jim_Reily@nysd.uscourts.gov [mailto:Jim_Reily@nysd.uscourts.gov]
**Sent:** Monday, May 13, 2013 10:55 AM
**To:** Herman, Brian A.
**Cc:** Snider, David A.
**Subject:** RE: Lotes Co., Ltd. v. Hon Hai Precision Indus. - 12 Civ. 7465 (SAS) - Motion to Dismiss

Counsel:

Please note that the initial conference originally scheduled for tomorrow May 14, 2013, has been moved to Thursday, May 23, 2013, at 4:00 p.m. Please mark your calendars accordingly and confirm receipt of this email. Thank you.

# Jim Reily
Deputy/Law Clerk to the
Hon. Shira A. Scheindlin
(212) 805-0120/ (212) 805-7920 (fax)
Jim_Reily@nysd.uscourts.gov

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.